UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LUGO,

        Plaintiff,

v.

                              CASE NO.

SPACE 34, LLC and
PARKWEST 2002 CORP.,

        Defendants.
_____/

## COMPLAINT

Plaintiff, Daniel Lugo, by and through his undersigned counsel, hereby sues the Defendants, Space 34, LLC and Parkwest 2002 Corp., hereinafter collectively referred to as "Defendants"), for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter, the "ADA") and in support thereof states as follows:

## JURISDICTION

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. §§ 1331 and 1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendants' violations of Title III of the ADA.

## VENUE

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is situated within this district and the events giving rise to the claims asserted herein occurred in this district.

## PARTIES

3. Plaintiff, Daniel Lugo, is an individual residing in this district who is over

eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities, including walking, due to permanent damage to his spinal cord as a result of a broken neck caused by a motor vehicle accident. Plaintiff must use a wheelchair to ambulate. Plaintiff also has limited use of his hands and fingers. Plaintiff's access to the premises described below consisting of the adjacent walkways and parking areas and the interior of the facility (hereinafter, the "Property"), and his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property was restricted and limited because of Plaintiff's disabilities and will be restricted in the future unless and until Defendants are compelled to remove the physical barriers to access and cure the ADA violations that exist at the Property, including but not limited to those set forth in this Complaint. Plaintiff intends to return to the Property soon to avail himself of the goods and services offered to the public at the Property.

4. Defendants transact business within this judicial district within the State of Florida by, inter alia, being the owner and operator of the Property, which is a commercial building with an address of 34 NE 11th Street, Miami, Florida 33132 occupied by a nightclub/bar (including the adjoining grounds servicing the nightclub/bar) commonly known as "Space 34". Specifically, Defendant Space 34, LLC owns and operates Space 34 at the Property and Defendant Parkwest 2002 Corp. owns the Property.

## INJUNCTIVE RELIEF PURSUANT TO THE ADA

5. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional

authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4).

6. Places of public accommodation were provided with one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

7. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA, 28 C.F.R., Part 36 (hereinafter "ADAAG"). Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

8. The Property is a place of public accommodation pursuant to the ADA.

9. In October, 2011 Plaintiff attempted to, and to the extent possible, accessed the Property but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including but not limited to those barriers, conditions and ADA violations set forth in this Complaint.

10. Plaintiff intends to visit the Property again in the near future in order to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property, but he will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his

access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including, but not limited to those barriers, conditions and ADA violations set forth in this Complaint.

11. Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA and will continue to discriminate against Plaintiff unless and until Defendants are compelled to remove all physical barriers relevant to Plaintiff's disability that exist at the Property, including but not limited to those set forth in this Complaint, thus making the Property accessible to persons with disabilities, such as Plaintiff, as required by the ADA.

12. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access the Property and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of the Property, includes (the applicable ADAAG sections are also denoted):

   a) Non-compliant counters within the Property that exceed the maximum height requirements (in violation of ADAAG 7.2);

   b) Non-compliant maneuvering space and clear floor space within the Property (in violation of ADAAG 4.2);

   c) Self service items that are not within the reach allowances (in violation of ADAAG 5.5 and ADAAH 5.6);

   d) Non-compliant accessible seating within the Property (in violation of ADAAG 4.32 and ADAAG 5.1);

   e) Non-compliant accessible routes from the disabled parking spaces to the interior of the Property (in violation of ADAAG 4.3 and ADAAG 4.6);

   f) Lack of signage and policies in place to assist persons with disabilities within the

        Property (in violation of ADAAG 4.30);

g) Non-compliant accessible routes within the Property (in violation of ADAAG 4.3);

h) Non-compliant interior ramp at the Property (in violation of ADAAG 4.8);

i) Lack of accessible restroom within the Property in violation of the following ADAAG sections opposite the description of the non-compliant aspect of the restroom:

    i. non-compliant side approach on the pull side of the restroom doors (in violation of ADAAG 4.13.6);

    ii. non-compliant turning radius and clear floor space within the accessible stalls (in violation of ADAAG 4.17.3);

    iii. lack of compliant grab bars or non-compliant grab bars within the accessible stalls and restrooms (in violation of ADAAG 4.17.6);

    iv. non-compliant urinal height (in violation of ADAAG 4.18.2);

    v. lack of insulated pipes under sinks (in violation of ADAAG 4.19.4);

    vi. non-compliant mirror height (in violation of ADAAG 4.19.6);

    vii. coat hook on stall doors are above the maximum height allowance (in violation of ADAAG 4.2.5);

    viii. protruding objects (in violation of ADAAG 4.4.10);

    ix. fire and smoke alarms within the non-compliant restrooms are not compliant (in violation of ADAAG 4.28);

    x. toilets in the accessible stalls and restrooms that are not compliant (in violation of ADAAG 4.16, ADAAG 4.17, ADAAG 4.19 and ADAAG 4.22);

    xi. non-compliant dispenser heights within the accessible stalls and restrooms (in violation of ADAAG 4.16.6).

    xii. sink in the accessible stall and restroom that is not compliant (in violation of ADAAG 4.24);

13. The above listing is not intended to be an all-inclusive list of the barriers

5

conditions and violations of the ADA encountered by Plaintiff and existing at the Property. Although the above listing, in and of itself, denied Plaintiff, due to his disability, the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA, Plaintiff requires a full and complete inspection of the Property, with full access thereto, in order to determine all of the Defendants' discriminatory acts violating the ADA relevant to Plaintiff's disability.

14. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2), ADAAG 4.1.6(1)(j).

15. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations relevant to Plaintiff's disability that exist at the Property, including but not limited to those set forth herein.

16. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendants, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order to alter the property to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA, and the closing of the Property until such time as the required modifications are completed.

WHEREFORE, Plaintiff, Daniel Lugo, requests that the Court issue a permanent

injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Property to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Drew M. Levitt
DREW M. LEVITT, ESQ.
Florida Bar No: 782246
E-mail: DML2@bellsouth.net
LEE D. SARKIN, ESQ.
Florida Bar No. 962848
E-mail: lsarkin@aol.com
4700 N.W. Boca Raton Boulevard
Suite 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile  (561) 994-0837